Steven G. Zieff, SBN 84222
sgz@rezlaw.com
Kenneth J. Sugarman, SBN 195059
kjs@rezlaw.com
RUDY, EXELROD, ZIEFF & LOWE, LLP
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 434-9800
Facsimile: (415) 434-0513

Arthur A. Navarette, SBN 159973
navarettelaw@sbcglobal.net
C. Zane Becker, SBN 260908
brian@haweslawfirm.com
NAVARETTE LAW FIRM
1625 The Alameda, Suite 700
San Jose, CA 95126
Telephone: (408) 275-9500
Facsimile: (408) 275-9131

Attorneys for Plaintiff Elaine Sabatino

Christopher J. Martin, SBN 82456
CJMartin@gibsondunn.com
Rachel S. Brass, SBN 219301
RBrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-2933
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

Attorneys for Defendant Weight Watchers North America, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ELAINE SABATINO, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

WEIGHT WATCHERS NORTH AMERICA, INC., and DOES 1 through 100,

Defendants.

Case No. CV 09-4926 (TEH)

CLASS ACTION

**JOINT STIPULATION AND ~~[PROPOSED]~~ ORDER RE DISCLOSURE OF PUTATIVE CLASS MEMBERS' IDENTITIES**

WHEREAS, Plaintiff Elaine Sabatino ("Plaintiff") has served interrogatories and requests for inspection of documents requesting Defendant Weight Watchers North America, Inc. ("Defendant") (collectively, the "Parties") to disclose and produce the names, addresses, phone numbers, and email addresses for all members of the proposed class pleaded in the Complaint in this action ("Putative Class Members"), specifically defined for purposes of this stipulation to include only those persons who have been employed by Weight Watchers North America, Inc. as leaders or as employees who have performed the location coordinator function in California at any time from September 17, 2005 to the date of the stipulation;

WHEREAS, Defendant has objected to producing the requested information unless Putative Class Members are first given an opportunity to avoid having their information disclosed to Plaintiff, Plaintiff disputes that it is necessary or appropriate to give Putative Class Members such an opportunity, and the Parties wish to avoid the time and expense of litigating the issue further;

WHEREAS, Defendant has objected to disclosing the identities of Putative Class Members who are currently employed by Defendant as Territory Managers, District Managers, Trainers, or Corporate Account Managers. Plaintiff disputes that there is any proper basis for not disclosing the identities of such Putative Class Members, and the Parties wish to avoid the time and expense of litigating the issue further,

The Parties hereby stipulate and agree as follows.

1. No later than thirty (30) days after the date this stipulation and order is signed by the Court, Defendant will email to the Garden City Group, as third-party "Administrator," a list of the names, the contact information contained in Defendant's corporate databases (including last-known home addresses, and last-known contact telephone number) for all Putative Class Members, excluding "Current Managers" as described in Paragraph 8, in an electronic spreadsheet such as Microsoft Excel. This data will be encrypted with a secure messaging solution (e.g., PGP) agreed to by Defendant and the Administrator and transferred via a secure protocol (such as secure FTP). This data must be maintained by the Administrator in a secure manner in accordance with industry standards.

2. No later than five (5) days after the date of receiving the class list, the Administrator shall mail a letter, via first class mail, substantially in the form attached hereto as Exhibit A, informing them of this matter as set forth therein, including informing them that they may object to the production of their identities (including contact information) to Plaintiff at this time, in the manner set forth in Exhibit A. The envelope used for the mailing shall bear the notation, "Legal/Privacy Notice Regarding Weight Watchers Lawsuit." The postcard to be included for Putative Class Members to communicate objections shall be postage prepaid. Prior to the mailing, the Administrator shall run a search in the National Change of Address ("NCOA") database to find any updated address information for Putative Class Members. For Putative Class Members with different addresses in the NCOA database, the Administrator shall send the mailing to both the address provided by Defendant and the address from the NCOA database.

3. Putative Class Members shall have twenty (20) days from the date of the mailing described in Paragraph 2 to object to the production of their identities and home contact information to Plaintiff (the "Objection") as provided by Exhibit A. The date of submitting an Objection is the postmark date of the Objection. If a letter is returned to the Administrator as undeliverable with new address information provided, the Administrator shall promptly re-mail the letter to the new address (if any), and the postmark deadline for such Putative Class Members to submit Objections shall be twenty (20) days from the date of the Administrator's second mailing described in this Paragraph. Putative Class Members who do not receive the mailing or re-mailing as described shall be deemed not to have submitted Objections.

4. Both Parties are prohibited from making any statements to Putative Class Members directly or indirectly encouraging them to send in an Objection or discouraging them from sending in an Objection, and are prohibited from sending any communication to Putative Class Members regarding the notice and Objection process (except that Plaintiff may send communications to Putative Class Members who have already disclosed their identities to Plaintiff). If a Putative Class Member asks Defendant or Plaintiff for information or advice relating to the notice and Objection process, the sole response shall be as follows: "It is your choice. You have the right to decide whether you want to object to having your name and

contact information, including home address and phone number, disclosed to Plaintiff at this time. Regardless of what you decide, your decision will have no adverse effect on any employment you may have with Weight Watchers."

5. Seven (7) business days after the deadline date for submitting Objections, the Administrator shall prepare an electronic list of the names, addresses (including addresses provided by Defendant and any subsequently obtained home addresses) and phone numbers of all Putative Class Members who did not submit complete and timely Objections, other than any Putative Class Members to whom the notice was re-mailed as described in Paragraph 3. The Administrator shall email a copy of the list to both Plaintiff's and Defendant's attorneys. This data will be encrypted with a secure messaging solution (i.e. PGP) agreed to by Defendant and [Administrator] and transferred via a secure protocol (such as FTP). At the same time, the Administrator shall also report the number of Putative Class Members to whom the letter was mailed, and the results of the mailing, including the number of complete and timely Objections received. This data must be maintained by Plaintiff's attorneys in a secure manner. Seven (7) business days after the postmark deadline for Objections from Putative Class Members to whom the notice was re-mailed as described in Paragraph 3, the Administrator shall prepare and email counsel the names, home addresses and phone numbers for all such Putative Class Members, except those who submit complete and timely Objections, subject to the same secure protocols set forth in this Paragraph for the first list.

6. The provisions above are intended to operate only pre-class certification. In the event a class is certified, the Parties contemplate that the Court will enter an appropriate order providing for notice of the class action to be given to all Putative Class Members. The fact that a Putative Class Member submitted an Objection under the terms of this Order shall not serve as a basis for withholding that person's name or contact information from Plaintiff in the event that a class is certified and the person does not elect to opt out. Further, on a showing of good cause, the Court may at any other time order the disclosure of the identities and contact information of Putative Class Members who submitted Objections.

7. The Parties shall jointly pay the Administrator's fees and costs for performing the

services described above, with each Party paying half the fees and costs.

8. "Current Managers" are Putative Class Members who, as of the date the Court signs this order, are currently employed by Weight Watchers as Territory Managers, District Managers, Trainers, or Corporate Account Managers. As part of its initial disclosures under Rule 26(a) of the Federal Rules of Civil Procedure, Defendant shall identify all Current Managers by name and position, with a notation that they may be contacted through Defendant's attorneys. If Plaintiff seeks to depose a Current Manager and Defendant is not able to produce the individual for deposition, Defendant shall promptly provide Plaintiff with the individual's last-known home address.

Dated: January 7, 2010

Rudy, Exelrod, Zieff & Lowe, LLP

By: s/Kenneth J. Sugarman
Kenneth J. Sugarman
Attorneys for Plaintiff Elaine Sabatino

Dated: January 7, 2010

Gibson, Dunn & Crutcher LLP

By: s/Christopher J. Martin
Christopher J. Martin
Rachel S. Brass
Attorneys for Defendant
Weight Watchers North America, Inc.

**PURSUANT TO STIPULATION, AND GOOD CAUSE APPEARING, IT IS SO ORDERED**.

Dated: January 7, 2010

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
Judge Thelton E. Henderson

**Exhibit A**

[Administrator name, address, and phone number]

[Date]

[Name]
[Address]

Re: Your Right to object to the disclosure of your name and contact information in Sabatino v. Weight Watchers North America, Inc., Case No. CV 09-4926, United States District Court, District of Northern California

Dear ___:

This letter contains important information about your options/privacy rights in connection with the lawsuit referenced above. You have the option to decide that you do not want your name and contact information to be disclosed to the Plaintiff, whose attorneys may use the information to try to contact you to discuss the case. In connection with the above-referenced proposed class action lawsuit, Weight Watchers has been requested to disclose to the Plaintiff the names, addresses, and phone numbers of all potential class members, which include persons who have worked as Weight Watchers Leaders in California at any time since September 17, 2005, and persons who have performed the location coordinator function in California during the same period.

If your information is disclosed, the attorneys for the Plaintiff may try to contact you to obtain information to try to support the claims in the lawsuit. The parties to the lawsuit have agreed to provide you with the option of choosing not to have your information disclosed by Weight Watchers to the plaintiff at this time. If you wish to exercise this option, you must follow the instructions below.

**Description of Lawsuit**

Elaine Sabatino ("Plaintiff"), a former employee of Weight Watchers in California, has filed a lawsuit alleging that Weight Watchers has violated various California wage and hour laws. She seeks to pursue the case as a class and/or representative action on behalf of other leaders and on behalf of employees who have performed the location coordinator function, potentially including yourself. Among other things, Plaintiff claims that Weight Watchers has failed under California law to pay such employees minimum and overtime wages for all the time they actually spend working and has failed to reimburse such employees for all expenses, and that Weight Watchers is therefore liable to pay leaders and location coordinators back pay, expense reimbursements, interest, and penalties. Weight Watchers denies Plaintiff's claims, believes that its leaders and employees who have performed the location coordinator function have at all times been properly paid for all the time they actually spend working, and that a class and/or representative action is not proper in this case.

No determination has been made by the Court yet regarding whether or not a class action will be approved, and you are not being asked at this time whether or not you want to be a member of any class that might be approved. You are simply being contacted to determine whether you object to having your name, home address, and phone numbers disclosed to Plaintiff and her attorneys at this time.

**Your Option to Withhold Your Information**

If you do not want Weight Watchers to disclose your information to Plaintiff, you must object no later than [DATE]. To object, complete and return the enclosed postcard so that it is postmarked no later than [date]. If you do not object, your name, address, and phone number will be disclosed. Regardless of whether or not you object to having your identity disclosed, it will have absolutely no effect on any current or future employment you may have with Weight Watchers.

You also have the option of contacting Plaintiff's attorneys yourself. Plaintiff's attorneys for this purpose are Rudy, Exelrod, Zieff & Lowe, LLP, 415-434-9800 (or email kjs@rezlaw.com).

Please note that objecting to the disclosure of your name and contact information at this time does not mean that you will never receive any further communications about the lawsuit in the future.

[Administrator signature line]

## CONTACT INFORMATION CONFIDENTIALITY FORM FOR *SABATINO v. WEIGHT WATCHERS LAWSUIT*

You are neither required nor encouraged to return this form. It is your choice. If you wish to object to having your name and contact information disclosed to the Plaintiff and her attorneys in the Sabatino v. Weight Watchers lawsuit, this postcard must be postmarked no later than [DATE]

By signing and dating below, I affirmatively state my desire not to have my name, home address, and phone number disclosed to the Plaintiff and her attorneys in the Sabatino v. Weight Watchers lawsuit at this time.

NAME: ________________________________
Print Name

SIGNATURE: ________________________________ DATE: ________________
Sign Name