Steven G. Zieff, SBN 84222
sgz@rezlaw.com
Kenneth J. Sugarman, SBN 195059
kjs@rezlaw.com
RUDY, EXELROD, ZIEFF & LOWE, LLP
351 California Street, Suite 700
San Francisco, CA  94104
Telephone: (415) 434-9800
Facsimile:  (415) 434-0513

Arthur A. Navarette, SBN 159973
navarettelaw@sbcglobal.net
C. Zane Becker, SBN 260908
brian@haweslawfirm.com
NAVARETTE LAW FIRM
1625 The Alameda, Suite 700
San Jose, CA  95126
Telephone: (408) 275-9500
Facsimile:  (408) 275-9131

Attorneys for Plaintiff Elaine Sabatino

Christopher J. Martin, SBN 82456
CJMartin@gibsondunn.com
Rachel S. Brass, SBN 219301
RBrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA  94105-2933
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

Attorneys for Defendant Weight Watchers North America, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE SABATINO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WEIGHT WATCHERS NORTH AMERICA, INC., and DOES 1 through 100,<br><br>Defendants. | Case No. CV 09-4926 (TEH)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:      March 22, 2010<br>Time:      1:30 p.m.<br>Courtroom:  12<br>Judge:     The Honorable Thelton E. Henderson |

Pursuant to this Court's January 8, 2010 Case Management Order and Civil Local Rule 16-9, the parties to the above-entitled action jointly submit this Case Management Statement to advise the Court of the status of this matter.

**1.   Jurisdiction and Service:**

This Court has jurisdiction over this case under the Class Action Fairness Act, 28 U.S.C. § 1332(d) (claims of individual class members, as alleged in the Complaint, are "aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000"). Venue is proper and the parties are not currently aware of any issues with respect to personal jurisdiction. Defendant has been served with a copy of the complaint, and no parties remain to be served.

**2.   Brief Description of Events Underlying the Action and Facts in Dispute:**

This is a proposed class action and representative action for alleged violations of the California Labor Code and the California Business & Professions Code. Named plaintiff Elaine Sabatino ("plaintiff") was employed by Defendant Weight Watchers North America, Inc. ("Weight Watchers") in California as a Leader and also performed the location coordinator function during the period from April 2005 until March 2009. The central claims in the complaint are that Weight Watchers fails to compensate Leaders and employees who perform the location coordinator function (hereinafter "location coordinators") for all the work they perform, resulting in minimum wage and overtime wage violations under the California Labor Code and the applicable California Industrial Welfare Commission ("IWC") Wage Order, and fails to reimburse Leaders and location coordinators for all the expenses they incur on Weight Watchers' behalf, including mileage driven in their personal vehicles, resulting in violations of California Labor Code § 2802.

Weight Watchers contends that Leaders' responsibilities, among other things, are as follows: Leaders are responsible for presenting the Weight Watchers program at Weight Watchers meetings that combine group support and education; Leaders support Weight Watchers members in their weight loss effort which is achieved, in part, by providing members with encouragement, advice, inspiration and motivation in a group environment, by facilitating discussion and sharing among members and by being living examples of the program's effectiveness because they have lost weight on the Weight Watchers program; Leaders also provide guidance on utilizing Weight Watchers tools

and resources; finally, their responsibilities include sale of Weight Watchers memberships and various weight loss products, as well as the program itself.  Weight Watchers contends that the Leader assumes responsibility for the team and the meeting room experience as it is delivered by the team.  Weight Watchers contends that the job responsibilities that Leaders perform at meetings, with the assistance of co-workers in the receptionist position ("receptionist"), include a short set-up period, greeting members and potential new members, weighing in members and guests, leading the meeting discussion itself, working with the receptionists to sell Weight Watchers products and memberships, and assisting the receptionists with the preparation of the "tally" sheet for the meeting that records such information as how many members attended, the individual member's payments for the meeting, and the prices and quantity of products sold.

  Plaintiff's central allegation and claim regarding Leaders' compensation is that Weight Watchers allots a set number of hours to each meeting a Leader works and pays Leaders only for those hours, and that Leaders are not paid any compensation – i.e., minimum wages, overtime wages where applicable, or any other rate of pay – for numerous activities they perform outside of their meetings.

  As alleged by plaintiff, Leaders' uncompensated activities outside of meetings include, but are not limited to: reading meeting guides and other written materials sent by Weight Watchers regarding meeting topics and Weight Watchers programs, products, promotions, policies, and procedures; planning and preparing for meetings; working past the reported meeting stop time to complete meeting tasks; going to the bank to deposit the money received at meetings; going to the post office or other locations to mail checks and paperwork to Weight Watchers and to mail correspondence to members; reading and responding to various work-related emails and other written materials from supervisors and co-workers; communicating with supervisors and co-workers about work matters in person or by telephone; driving between meetings and other work locations; and transferring Weight Watchers products and materials from their homes to other locations and completing related paperwork.

  Weight Watchers contests each of these allegations.  Weight Watchers contends that plaintiff and the other putative class members are sales employees who are paid pursuant to a sales

commission program that includes both commissions and other income that compensates them for the time spent working for Weight Watchers. The manner in which that compensation is calculated varies depending on the line of business (center meeting, traveler meeting, or at-work meeting) for which the Leader work is performed.

Regarding location coordinators, the functions that such employees may be asked to perform include the maintenance, stocking and supplying, and upkeep of Weight Watchers meeting locations, though this list is not exhaustive. Plaintiff alleges that location coordinators are instructed to report a set number of hours per week, regardless of the amount of time they actually spend performing location coordinator responsibilities. As a result, plaintiff alleges, location coordinators work a substantial amount of time for which they receive no compensation. Weight Watchers contests each of these allegations. Weight Watchers alleges that individuals performing the location coordinator function are provided ample time to perform the necessary work for a given meeting location and Weight Watchers compensates employees for the time performing that work.

Plaintiff further alleges that Weight Watchers does not furnish Leaders and individuals performing the location coordinator function with itemized wage statements containing all the information required by California Labor Code § 226(a), including total hours worked, and all applicable hourly rates in effect and the corresponding number of hours worked at each rate. More generally, plaintiff alleges that Weight Watchers violates § 1174 of the California Labor Code and the corresponding provisions of the applicable IWC Wage Order by not recording all the hours that Leaders and individuals performing the location coordinator function work and by not maintaining records of all the hours they work. Weight Watchers contests these allegations.

Weight Watchers denies Plaintiff's claims, believes that its Leaders and employees performing the location coordinator function have at all times been properly paid for all the time they actually spend working, and that a class and/or representative action is not proper in this case.

At this point, the primary factual issues in dispute are as follows:

a. Whether Weight Watchers pays Leaders for a set amount of hours for each Weight Watchers meeting, and when individuals perform the location coordinator function for a set number of hours per week, without regard for the number of hours they actually work.

     b.    Whether Weight Watchers has imposed requirements, instructions, requests, and expectations for Leaders' and location coordinator functions that causes them to spend additional time working in excess of the amount that Weight Watchers pays them for each meeting or week.

     c.    Whether Weight Watchers has trained, instructed, and otherwise induced Leaders and individuals performing the location coordinator function not to report or keep track of all the time they actually spend working, and otherwise has failed to record or keep track of all the time they actually spend working, but rather to report only their meetings or the set number of hours allotted by Weight Watchers.

     d.    Whether plaintiff was required, suffered or permitted to work "overtime" hours for which Weight Watchers did not pay her premium "overtime" wages.

     e.    Whether Weight Watchers has failed to pay Leaders and individuals performing the location coordinator function for their hours worked on a pay period by pay period basis, and for leaders and location coordinators who have separated from employment, upon their separation from employment.

     f.    Whether Weight Watchers has failed to pay Leaders an extra hour of the minimum wage for days on which plaintiff alleges Leaders worked a "split shift."

     g.    Whether Weight Watchers has failed to reimburse Leaders and employees performing the location coordinator function for business expenses as required by Labor Code Section 2802.

**3.    Principal Legal Issues Which The Parties Dispute:**

     a.    The parties disagree regarding which IWC Wage Order is applicable to the work performed by plaintiff.  Plaintiff contends it is Wage Order No. 2.  Weight Watchers contends it is Wage Order No. 4.

     b.    The parties disagree whether plaintiff and the putative class performed work for which they were not compensated including:

- Whether plaintiff or the putative class were not paid the minimum wage for certain time worked; and
- Whether plaintiff or the putative class were not paid certain premium "overtime" wages.

c. The parties disagree whether Leaders and individuals performing the location coordinator function spend time working for which they are not paid wages.

d. The parties disagree whether any work performed by plaintiff or other Leaders constitutes a "split shift" under California law that would require additional compensation.

e. The parties disagree whether Weight Watchers has not paid plaintiff or the putative subclass of Leaders and individuals performing the location coordinator function who have separated from employment with Weight Watchers all wages earned and due at the time of separation from the company.

f. The parties disagree whether Weight Watchers failed to reimburse Leaders and location coordinators, including plaintiff, for necessary expenditures they make in direct consequence of discharging their duties.

g. The parties disagree regarding whether the claims in the complaint can be pursued on a class basis, consistent with the requirements of Federal Rule of Civil Procedure 23, and whether Rule 23 certification is required for all plaintiff's proposed representative claims under the California Labor Code Private Attorneys General Act of 2004 ("PAGA").

h. The parties disagree whether Weight Watchers has engaged in conduct that constitutes unfair competition as set forth in §17200 of the California Business & Professions Code.

i. The parties disagree whether plaintiff or the members of the putative class are entitled to PAGA penalties.

j. The parties disagree whether plaintiff or members of the class are exempt or excepted from the minimum wage, overtime pay, or other regulations under the applicable laws.

k. The parties disagree whether the Complaint is barred, in whole or in part, on the basis that Defendant acted in good faith and upon a reasonable belief that its actions did not violate the applicable laws.

l. The parties disagree whether plaintiff, as a former employee, has standing to pursue certain relief, including injunctive relief, against Weight Watchers.

m.  The parties disagree whether plaintiff's claims are barred, in whole or in part, by legal or equitable doctrines, such as laches, waiver, estoppel, unclean hands, or failure to mitigate damages.

**4. Motions:**

No motions have been filed as of the date of this Joint Case Management Conference Statement.  The parties anticipate filing the following motions:

- Plaintiff plans to move for class certification.  Weight Watchers plans to oppose that motion.
- Defendant anticipates filing motions for summary judgment or partial summary judgment on some or all of plaintiff's claims.  Plaintiff plans to oppose such motion or motions.
- Plaintiff may move for summary judgment or partial summary judgment on some or all of plaintiff's claims – such as liability to pay for certain work activities and liability to reimburse expenses– or some or all of defendant's affirmative defenses – such as claimed exemptions from California wage laws, laches, unclean hands, estoppel and/or waiver, failure to mitigate, and failure to exhaust administrative remedies.  Weight Watchers anticipates opposing such motions.

**5. Amendment of Pleadings:**

Plaintiff may file an amended complaint depending on additional information that may be obtained through discovery and additional investigation.  The date for filing motions to amend the pleadings or to add parties shall be **July 1, 2010**, subject to the approval of the Court.  Later amendments may be allowed for good cause.

Plaintiff will move to voluntarily dismiss the "Doe" defendants by **July 1, 2010**, and before any motion for class certification is filed.

**6. Evidence Preservation:**

The parties have engaged in document preservation steps.  Weight Watchers has implemented steps to retain electronic information and paper documentation that may be related to this litigation including, but not limited to, interdiction of its regular document retention program, and systematic

1  document hold notices.  Plaintiff Elaine Sabatino also is preserving electronic and paper
2  documentation.  The parties have met and conferred about the steps taken to preserve evidence.

3  **7.     Disclosures:**

4  Pursuant to the Court order issued on January 8, 2010, plaintiff and Weight Watchers will
5  make their respective initial disclosures, as required by Rule 26(a)(1) of the Federal Rules of Civil
6  Procedure, on March 15, 2010.

7  **8.     Discovery:**

- Discovery taken to date:  The parties have stipulated that they wish to begin formal discovery prior to participating in the agreed-upon mediation.  Both parties have served initial written discovery, and plaintiff has responded to Weight Watchers' first set of document requests.  Defendant has noticed the deposition of plaintiff.  Plaintiff has noticed two depositions – one of Weight Watchers pursuant to Rule 30(b)(6), and the deposition of one of plaintiff's supervisors.  Following plaintiff's request for a list of putative class members' names, addresses and phone numbers, and pursuant to the stipulation and order signed by the Court, notice has been sent to all putative class members advising them that their information will be disclosed to plaintiff unless they send in a written objection, and it is anticipated that plaintiff will receive the class list on March 15, 2010.

- Scope of anticipated discovery:  This class has been brought as a putative class action for the claims under the California Labor Code and the California Business & Professions Code.  There is one named plaintiff.  The parties anticipate written and deposition discovery regarding plaintiff's employment, the employment of other putative class members relating to policies, procedures, and practices that are alleged to be common to the putative class, and regarding Weight Watchers' compensation and expense reimbursement policies, practices and procedures (among other things) in connection with plaintiff's anticipated motion for class certification.  The parties further agree that the ultimate extent and scope of merits discovery will vary based on whether this case proceeds as a class action.

- <u>Limitations or modifications of the discovery rules</u>:  The parties anticipate that the deposition of defendant pursuant to Rule 30(b)(6) and the deposition of plaintiff may exceed 1 day of 7 hours.  However, based on Weight Watchers' representation that the matters noticed for its deposition will be divided up relatively equally between the individuals designated to testify, the parties agree that no individual identified to testify on behalf of the corporation pursuant to Rule 30(b)(6) shall be deposed for longer than 1 day of 7 hours.  The parties also anticipate that they may each seek to take some reasonable number of depositions in excess of 10 depending on the number of witnesses the other party proffers in support of or opposition to class certification, and also depending on the manner in which liability and damages are to be established at any trial that may be conducted on the basis of representative evidence.  At this time, the parties do not anticipate or agree to any other changes to the discovery limitations in the Federal Rules of Civil Procedure and Local Rules.  After plaintiff files her class certification motion, the parties will meet and confer regarding whether and what specific modifications to these discovery limitations are necessary to address the declarations or other evidence submitted in support of such motion and the declarations or other evidence to be submitted in opposition to such motion.  The parties reserve the right to seek such changes through stipulation or from the Court if necessary in connection with those motions, or at a later date.  The parties further agree to meet and confer following the Court's ruling on class certification regarding whether limitations or modifications are appropriate for any remaining discovery.
- <u>Discovery Plan</u>:
  - With respect to plaintiff's class action and/or non-class action representative claims, the parties agree that discovery should be conducted in phases, with the first phase of written and deposition discovery focused on class certification as those issues are set forth in Federal Rule of Civil Procedure 23, and information necessary to prepare for a mediation of plaintiff's individual and representative claims, including employment and payroll information for all

putative class members. If disputes arise regarding the scope of discovery during the first phase, the parties will meet and confer in good faith to resolve such disputes, and will seek relief from the Court only as necessary. The parties' stipulated plan calls for a defined period to conduct class certification discovery.

- The parties have further agreed-upon an extended schedule for class certification briefing, to allow for depositions of declarants or other witnesses identified in connection with plaintiff's motion for class certification or in connection with defendant's opposition to class certification. As noted, the parties will meet and confer regarding the number of depositions that will be permitted.

9.  **Class Actions:**

Plaintiff believes this case is suitable for litigation on a class action basis with respect to all claims that require class certification in order to be maintained on a representative basis. Weight Watchers plans to oppose plaintiff's motion for class certification. The parties' proposed schedule for class certification is set forth in Paragraph 17 below.

10. **Related Cases:**

No related cases are pending.

11. **Relief:**

On her own behalf and on behalf of the other individuals she seeks to represent, plaintiff seeks the following relief: (1) recovery of unpaid minimum wages and liquidated damages for unpaid minimum wages; (2) recovery of unpaid overtime wages; (3) recovery of unpaid minimum wages for working split shifts; (4) recovery of unreimbursed expenses; (5) recovery of waiting time penalties for employees whose employment was terminated; (6) penalties and damages for failure to provide the itemized wage statements required by California Labor Code 226; (7) prejudgment interest on all amounts of unpaid wages and unreimbursed expenses; (8) penalties under the California Private Attorneys General Act, Cal. Lab. Code § 2699 et seq., (9) reasonable attorney's fees and costs, and

1  (10) an injunction requiring Weight Watchers to comply with all relevant provisions of the California
2  Labor Code and the applicable IWC Wage Order.
3        Plaintiff seeks to recover damages in a representative capacity on behalf of all leaders and
4  leader/location coordinators employed during the period from September 17, 2005 to the present, and
5  expects to prove the amount of damages through the use of representative evidence.
6        Plaintiff has not yet computed an amount of damages for herself.  Plaintiff also has not yet
7  computed an amount of damages for those other individuals she seeks to represent, and does not have
8  sufficient information at this time to do so.  Plaintiff anticipates being able to provide an approximate
9  estimate after discovery provided the necessary types of information are produced (including the
10 production of payroll information for the proposed class).

11 **12. Settlement and ADR:**
12       The parties have discussed the possibility for prompt resolution of the case as required by
13 Fed. R. Civ. P. 26(f)(2) and agree that further settlement discussions are premature at this time.  The
14 Court has approved the ADR Certification filed by the parties on January 11, 2010 in which the
15 parties agreed to engage in private mediation by **July 12, 2010**.  Assuming the Court approves the
16 class certification schedule proposed below, the parties will complete the mediation no later than **July
17 12, 2010**.

18 **13. Consent to Magistrate Judge for All Purposes:**
19       The parties decline to consent to a Magistrate Judge for all purposes.

20 **14. Other References:**
21       The parties agree that this case is not appropriate for binding arbitration, a special master, or
22 referral to the Judicial Panel on Multidistrict Litigation at this time.

23 **15. Narrowing of Issues:**
24       The parties have not agreed upon any mechanisms to narrow the issues at this time, but will
25 continue to meet and confer on this topic as the case continues and in advance of trial.

26
27
28

16. **Expedited Schedule:**

The parties have agreed upon a proposed schedule for litigating this case that should result in streamlined and efficient litigation.  This case is not otherwise suited for litigation on an expedited basis.

17. **Scheduling:**

The parties jointly propose the following discovery and pre-trial deadlines for the period through the Court's ruling on plaintiff's motion for class certification.

- <u>Initial Fact Discovery Regarding Class Certification Issues</u>:  **28 days prior** to filing motion for class certification
- <u>Class Certification</u>:  The parties propose the following schedule for briefing class certification.
    - Plaintiff's motion for class certification:  To be filed by **eight (8) weeks** after the mediation is completed if the mediation is unsuccessful.
    - Defendant's opposition:  **five (5) weeks** after service of motion.
    - Plaintiff's reply:  **five (5) weeks** after service of opposition brief.
    - Hearing on motion for class certification**:  Two (2) weeks** after reply is filed.
- <u>Joint Case Management Conference:  Following the Court's order on the motion for class certification,</u> the parties agree to meet and confer regarding a schedule for concluding discovery, and for dispositive motion practice and trial.  The parties further agree to file a joint proposal to the Court regarding the parties' remaining general discovery, merits expert and rebuttal expert designations, and any other outstanding discovery issues no later than thirty (30) days after the date of that order and to schedule a joint case management conference with the Court at that time.

18. **Trial:**

Plaintiff has demanded a jury trial in connection with certain claims.  The length of trial will vary based on whether this case proceeds on an individual or class and/or representative basis.  The parties will further address the length of the trial and any proposed bifurcation and will propose trial

dates as part of the above-referenced Joint Case Management Conference Statement that will be submitted following the Court's ruling on plaintiff's motion for class certification.

**19.    Disclosure of Non-Party Interested Entities or Persons:**

The parties have filed the "Certification of Interested Entities or Parties," required by Civil Local Rule 3-16.

<u>Elaine Sabatino</u>

Ms. Sabatino and similarly situated individuals and class members as described in the Complaint.

<u>Weight Watchers</u>

"The undersigned counsel of record for defendant Weight Watchers North America, Inc. certifies that the following listed parties have a direct, pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal.

Weight Watchers North America, Inc.

Weight Watchers International, Inc.

Artal Group S.A.

Delaware Management Business Trust

Capital World Investors"

Since the filing of the initial disclosures, based on a Schedule 13G filed jointly on February 9, 2010 by Delaware Management Business Trust and Delaware Management Holdings, Delaware Management Business Trust has reduced its shareholdings and now holds less than 5% ownership interest in Weight Watchers International, Inc.

Respectfully submitted,

DATED:  March 8, 2010                         RUDY, EXELROD, ZIEFF & LOWE, LLP


By: /s/ Kenneth J. Sugarman
               Kenneth J. Sugarman

Attorneys for Plaintiff
ELAINE SABATINO

| | | |
|---|---|---|
| 1 | DATED: March 8, 2010 | GIBSON, DUNN & CRUTCHER, LLP |
| 2 | | |
| 3 | | By: /s/ Christopher J. Martin |
| 4 | | Christopher J. Martin |
| 5 | | Attorneys for Defendant<br>WEIGHT WATCHERS NORTH AMERICA, INC. |

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

Dated: March ____, 2010  _____

The Honorable Thelton E. Henderson