STEVEN G. ZIEFF (SBN: 84222)
KENNETH J. SUGARMAN (SBN: 195059)
RUDY, EXELROD, ZIEFF & LOWE, LLP
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 434-9800
Facsimile:  (415) 434-0513
Email:  sgz@rezlaw.com
Email:  kjs@rezlaw.com

ARTHUR A. NAVARETTE (SBN: 159973)
C. ZANE BECKER (SBN: 260908)
NAVARETTE LAW FIRM
1625 The Alameda, Suite 700
San Jose, CA  95126
Telephone: (408) 275-9500
Facsimile:  (408) 275-9131
Email:  navarettelaw@sbcglobal.net
Email:  brian@haweslawfirm.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE SABATINO, individually and on behalf of all others similarly situated, | Case No. CV 09-4926 TEH |
| Plaintiff, | CLASS ACTION |
| v. | |
| WEIGHT WATCHERS NORTH AMERICA, INC., and DOES 1 through 100, | **STIPULATION FOR FILING OF AMENDED COMPLAINT** |
| Defendants. / | |

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

IT IS HEREBY STIPULATED by and between the parties hereto through their respective attorneys of record that Plaintiff may file an amended Complaint, a copy of which is attached hereto.

IT IS FURTHER STIPULATED that defendant Weight Watchers North America, Inc. waives notice and service of the amended complaint and shall file its answer to the amended complaint no later than August 9, 2010.

DATED: July 8, 2010                    RUDY, EXELROD, ZIEFF & LOWE, LLP


                                       By:   /s/ Kenneth J. Sugarman
                                             KENNETH J. SUGARMAN

                                       Attorneys for Plaintiff Elaine Sabatino


DATED: July 8, 2010                    GIBSON, DUNN & CRUTCHER LLP


                                       By:   /s/ Jesse A. Cripps, Jr.
                                             JESSE A. CRIPPS, JR.
                                       333 South Grand Avenue
                                       Los Angeles, California 90071

                                       Attorneys for Defendant WEIGHT WATCHERS
                                       NORTH AMERICA, INC.

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

1
STIPULATION FOR FILING OF AMENDED COMPLAINT
CASE NO. CV 09-4926 TEH

STEVEN G. ZIEFF (SBN: 84222)
KENNETH J. SUGARMAN (SBN: 195059)
RUDY, EXELROD, ZIEFF & LOWE, LLP
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 434-9800
Facsimile: (415) 434-0513

ARTHUR A. NAVARETTE (SBN: 159973)
C. ZANE BECKER (SBN: 260908)
NAVARETTE LAW FIRM
1625 The Alameda, Suite 700
San Jose, CA 95126
Telephone: (408) 275-9500
Facsimile: (408) 275-9131

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NORTHERN CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELAINE SABATINO, BETTY MATHIAS, and MARGOT REEMTS, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>WEIGHT WATCHERS NORTH AMERICA, Inc.,<br><br>        Defendant.<br><br>_____/ | Case No. CV 09-4926 TEH<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT**<br><br>**1. Failure to Pay Minimum Wages and Contract Wages**<br>**2. Failure to Pay Overtime Wages**<br>**3. Failure to Pay Wages Earned and Due At the Time of Separation**<br>**4. Failure to Indemnify for Business Expenditures**<br>**5. Failure to Furnish Itemized Wage Statements**<br>**6. Unfair Competition**<br>**7. Private Attorneys General Act Penalties**<br><br>**JURY TRIAL DEMANDED** |

1    Plaintiffs Elaine Sabatino, Betty Mathias and Margot Reemts ("Plaintiffs"), by their

2 undersigned attorneys, for their Complaint against Defendant Weight Watchers North America,

3 Inc. ("Defendant"), allege, upon information and belief, except as to the allegations that pertain to

4 Plaintiffs, which are based upon personal knowledge, as follows:

5                                 **PRELIMINARY STATEMENT**

6    1.    Plaintiffs have been employed by Defendant as Weight Watchers "leaders" to

7 perform a number of responsibilities relating to Weight Watchers customer meetings, including

8 but by no means limited to leading the meetings.  Plaintiffs also have been employed by

9 Defendant as "location coordinators" to perform a number of responsibilities relating to

10 coordinating, maintaining, preparing, and supplying the sites at which Weight Watchers meetings

11 are held.

12   2.    Plaintiffs bring this action as a proposed class action pursuant to Code of Civil

13 Procedure § 382, and/or a representative action pursuant to Business & Professions Code

14 §§ 17200 *et seq.* and Labor Code § 2699, on behalf of themselves and other Weight Watchers

15 leaders and location coordinators in California, seeking back pay and liquidated damages for

16 unpaid minimum wages, including split shift wages, back pay for unpaid overtime wages,

17 "waiting time" penalties for wages due but not timely paid upon separation from employment,

18 payment for unreimbursed business expenses, damages and/or penalties for failure to provide

19 complete and accurate itemized wage statements, restitution and disgorgement for unfair business

20 practices (including the failure to pay minimum and overtime wages and the failure to indemnify

21 for business expenditures), Private Attorneys General Act penalties for all applicable Labor Code

22 violations, interest, equitable relief including an injunction, and reasonable attorney's fees and

23 costs, under all applicable provisions of California law, including but not limited to California

24 Labor Code §§ 201, 202, 203, 204, 218.5, 218.6, 226, 510, 558, 1174, 1194, 1194.2, 1194.5,

25 1197, 2699, and 2802, California Business & Professions Code §§ 17200-17208, California

26 Industrial Welfare Commission ("IWC") Wage Order No. 2 §§ 3 and 4, California Civil Code

27 §§ 3287-3289, and California Code of Civil Procedure § 1021.5.

28 ///

FIRST AMENDED COMPLAINT

3.     During the period relevant to this action, Plaintiffs have been regularly required, suffered, or permitted to work hours for Defendant as leaders and location coordinators for which Defendant has not paid them at least the minimum wage rates in effect under IWC Wage Order No. 2 as required by California law, and have been required, suffered, or permitted to work overtime hours within the meaning of California law for which Defendant has not paid them premium overtime wages as required by California law.  Plaintiff Sabatino separated from employment with Weight Watchers, and Defendant failed to pay her due but unpaid wages at the time of separation.  Defendant also has failed to furnish Plaintiffs, for each pay period they have worked, with a statement in writing that accurately itemized the total wages they earned, the total hours they worked, all applicable hourly rates in effect during the pay period, and the corresponding number of hours they worked at each rate.  Plaintiffs also have made expenditures in direct consequence of their duties – including but not limited to expenditures incurred in driving their own vehicles to and from various locations in direct consequence of the discharge of their duties (such as driving to and from the bank to conduct transactions for Weight Watchers as a leader, driving to and from various locations to transport supplies or complete other tasks as location coordinators, and driving to and from staff meetings and trainings) – for which Defendant has not reimbursed them or for which Defendant has only partially reimbursed them due to a policy of only reimbursing miles over a certain threshold (e.g., deducting 30 miles from miles driven to/from staff meetings or trainings and not reimbursing for those miles).  Plaintiffs also have not been reimbursed for their ordinary commutes in their personal vehicles to and from the locations where they lead meetings and the locations where they perform location coordinator work, even though Defendant maintains that Plaintiffs are "outside salespersons" within the meaning of California law.

4.     The acts and omissions described in the preceding paragraph have been committed pursuant to, in accordance with, and in direct consequence of a common plan, policy and practice applicable to all leaders and location coordinators employed in California under which Defendant has: (1) paid leaders and location coordinators for a set amount of hours for each Weight Watchers meeting they lead or week or other period during which they work, without regard for

the number of hours they actually work, with the result that leaders and location coordinators spend time working for which they are not paid any wages, let alone minimum wages, or, where applicable, overtime wages; (2) imposed requirements, instructions, requests, and expectations for leaders' and location coordinators' work that causes them to spend additional time working in excess of the set amount of hours that Weight Watchers pays them for each meeting or week, including time spent before and after meetings, time spent preparing for meetings and preparing meeting materials, time spent communicating with, supporting, and otherwise servicing customers outside of meetings, time spent reviewing emails and other written materials sent by Defendant, time spent traveling between different meeting locations, time spent preparing and making bank deposits and traveling to make bank deposits, and time spent on tasks relating to coordinating, maintaining, preparing, and supplying meeting locations; (3) trained, instructed, and otherwise induced leaders and location coordinators not to report or keep track of all the time they actually spend working, and otherwise failed to record or keep track of all the time they actually spend working, but rather to report only the set numbers of hours allotted by Weight Watchers to the different jobs; (4) failed to pay leaders or and location coordinators for all their hours worked on a pay period by pay period basis, and, for leaders and location coordinators who have separated from employment, upon their separation from employment; (5) failed to reimburse leaders for necessary expenditures they make in direct consequence of discharging their duties, including mileage in personal vehicles to and from banks, meeting locations, and other locations for the purpose of transacting business for Defendant or maintaining, preparing and supplying meeting locations; and (6) failed to pay leaders an extra hour of the minimum wage when they work split shifts.

## JURISDICTION AND VENUE

5.     On information set forth in Defendant's motion removing this matter to federal court, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1453.  Pursuant to Labor Code § 2699.3, Plaintiff mailed written notices to the Labor and Workforce Development Agency and Weight Watchers of the specific provisions of the Labor Code alleged to have been

///

1    violated by certified mail on September 15, 2009 and September 17, 2009.  Venue in this district

2    is proper pursuant to 28 U.S.C. § 1441(a).

3                                    **THE PARTIES**

4         6.      Plaintiff Elaine Sabatino is a citizen of California, residing in Soquel, Santa Cruz

5    County.  Plaintiff Sabatino worked for Defendant in California as a Weight Watchers leader from

6    approximately June 2005 until March 30, 2009 in Weight Watchers territory number 5117, and

7    also worked regularly for Weight Watchers as a location coordinator for multiple meeting

8    locations during the time period covered by this action.

9         7.      Plaintiff Betty Mathias is a citizen of California, residing in Lancaster, Los

10   Angeles County.  Plaintiff Mathias has worked for Defendant in California since August 2002 in

11   Weight Watchers territory numbers 5158 and 5159, including as a leader from May 2005 to the

12   present, and also as a location coordinator for multiple meeting locations during the time period

13   covered by this action.

14        8.      Plaintiff Margot Reemts is a citizen of California, residing in Browns Valley,

15   Yuba County.  Plaintiff Reemts has worked for Defendant in California as a leader since

16   approximately May 1991 in several Weight Watchers territories, including territory numbers

17   5133 and 5135 during the time period covered by this action.  Ms. Reemts also has worked as a

18   location coordinator for multiple locations during the time period covered by this action.

19        9.      Defendant Weight Watchers North America, Inc. is a corporation organized and

20   existing under the laws of the state of Delaware, with its principal place of business in the state of

21   New York.

22                            **CLASS ACTION ALLEGATIONS**

23        10.     As to all claims they bring in a representative capacity, Plaintiffs bring this action

24   on behalf of the following class and subclass of similarly situated persons:

25   Plaintiff Class:              All persons who have been employed by Weight Watchers
                                   North America, Inc. as leaders and/or location
26                                 coordinators in California since the date that is four years
                                   before the date that the original complaint in this matter
27                                 was filed.

28   ///

---

4

FIRST AMENDED COMPLAINT

CASE NO. CV 09-4926 TEH

Plaintiff Subclass No. 1: All members of the Plaintiff Class who have separated from employment with Weight Watchers North America, Inc. within the statute of limitations period applicable to claims under Section 203 of the California Labor Code.

11. As to claims that must comply with Code of Civil Procedure § 382 in order to be treated as class action claims, this action has been brought, and may properly be maintained, as a class action consistent with Code of Civil Procedure § 382, because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

a. <u>Commonality</u>: Plaintiffs, Plaintiff Class and Plaintiff Subclass No. 1 share a community of interest in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual class members, including, but not limited to:

1. Whether Defendant has violated Labor Code § 1197 and IWC Wage Order No. 2 and applicable Labor Code provisions by failing to pay leaders and location coordinators the required minimum wage and contract wage for all hours worked, including an hour's pay at the minimum wage rate for working split shifts.

2. Whether Defendant has violated Labor Code § 510 by failing to pay overtime compensation to leaders and/or location coordinators when they worked overtime.

3. Whether Defendant has violated Labor Code § 226 by failing to provide leaders and/or location coordinators with itemized wage statements showing, among other things, all their daily and weekly hours worked, all applicable hourly rates of pay, and all hours worked at each applicable hourly rate.

4. Whether Defendant has violated Labor Code § 2802 by failing to indemnify leaders and/or location coordinators for their business expenditures.

5. Whether Defendant has willfully failed to pay due but unpaid minimum wages and overtime wages to leaders and/or location coordinators upon their separation from employment (or within 72 hours of their separation, if they quit without giving 72 hours' notice).

///

FIRST AMENDED COMPLAINT

6.      Whether Defendant has violated Business and Professions Code § 17200 by failing to pay leaders and/or location coordinators minimum wages and overtime wages, and by failing to indemnify leaders and/or location coordinators for their business expenditures.

7.      Whether Defendant has failed to keep complete and accurate records of leaders' and/or location coordinators' hours of work as required by California Labor Code § 1174 and IWC Wage Order No. 4.

8.      Whether Defendant's acts and omissions giving rise to the action for failure to pay minimum wages have been in good faith, and whether Defendant has had reasonable grounds for believing their acts and omissions were not violations of the Labor Code, for purposes of determining leaders and/or location coordinators' entitlement to liquidated damages under Labor Code § 1194.1.

9.      The proper measure of damages for Defendant's alleged violations.

b.      Typicality: Plaintiffs' claims are typical of the claims of the Plaintiff Class and Plaintiff Subclass in that Plaintiffs and all other leaders and location coordinators have sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of the law as alleged herein.

c.      Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy.  The Plaintiff Class is so numerous that joinder of all members is impractical, if not impossible, insofar as , among other things, the Plaintiff Class is believed to be comprised of at least 2,000 members, who are geographically dispersed, and the amounts at issue are small enough to make joinder impracticable.  Membership in the Plaintiff Class and Plaintiff Subclass is easily ascertained from Defendant's employment, payroll, and personnel records.

d.      Superiority of Class Action: Should separate actions be brought or be required to be brought by each member of the Plaintiff Class, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants.  The prosecution of separate actions would also create a risk of inconsistent rulings, which might be

1    dispositive of the interests of other members of the Plaintiff Class who are not parties to the

2    adjudications and/or may substantially impede their ability to adequately protect their interests.

3         e.    Adequacy of Representation: The Plaintiffs are adequate representatives of

4    the Plaintiff Class and Plaintiff Subclass, in that their claims are typical of those of the other

5    members, and Plaintiffs have the same interest in the litigation of this case as the unnamed class

6    members.  Plaintiffs are committed to vigorous prosecution of the case, and have retained

7    competent counsel experienced in class action wage and hour litigation.  Plaintiffs are not subject

8    to any individual defenses unique from those conceivably applicable to the Plaintiff Class or

9    Plaintiff Subclass.  Plaintiffs know of no management difficulties to be encountered in the

10   management of this litigation that would preclude its maintenance as a class action.

11
12                                  **FIRST CAUSE OF ACTION**
                       **Failure To Pay Minimum Wages and Contract Wages**
13              **(IWC Wage Order No. 2 § 4, Labor Code §§ 218.6, 1194, 1194.2, 1197)**

14        12.    Plaintiffs incorporate in this cause of action each and every allegation of

15   paragraphs 1 through 11, inclusive, with the same force and effect as though fully set forth

16   herein.

17        13.    Throughout the period covered by this action, Section 1197 of the Labor Code and

18   Section 4 of California IWC Wage Order No. 2 have required employers such as Defendant to

19   pay minimum wages to their employees such as Plaintiff and the Plaintiff Class at or above the

20   rate fixed by the Wage Order for all hours worked, and to pay an hour's pay at the minimum

21   wage for each workday an employee works a split shift.  As of July 11, 2005, the minimum wage

22   was $6.75 per hour.  As of January 1, 2007 the minimum wage was $7.50 per hour.  As of

23   January 1, 2008, the minimum wage was $8.00 per hour.  Defendant also has been required to

24   pay Plaintiffs and the Plaintiff Class wages that have been agreed to by contract.

25        14.    Plaintiffs and the Plaintiff Class have been required, suffered, or permitted to work

26   hours, and have worked hours, during the period covered by this action for which they have not

27   been paid the required minimum wage, and hours as location coordinators covered by this action

28   for which they have not been paid their contract wages.  Plaintiffs and the Plaintiff class have

1  also been required, suffered, or permitted to work split shifts, and did work split shifts, for which

2  they were not paid an additional hour's pay at the minimum wage.

3        15.    Plaintiffs allege that as a result of Defendant's policy, plan and practice of paying

4  leaders and location coordinators for a set number of hours per meeting or week, without regard

5  for the amount of time they have actually spent working, and causing leaders and location

6  coordinators not to report all the time they actually spend working, and the other practices alleged

7  above, Defendant has failed to pay Plaintiffs and the Plaintiff Class the applicable minimum

8  wage and/or the contract wage for all their hours worked each week.

9        16.    Defendant's failure to pay the minimum wage to Plaintiffs and the Plaintiff Class

10  as required by law permits a civil action to recover the unpaid balance of the minimum and/or

11  contract wages that were required to be paid, as well as interest thereon, reasonable attorney's

12  fees, costs of suit, and liquidated damages, under California Labor Code sections 218.6, 1194,

13  and 1194.2.

14                          **SECOND CAUSE OF ACTION**
                              **Failure To Pay Overtime Wages**
15              **(IWC Wage Order No. 2 § 3, Labor Code §§ 510, 218.6, 1194)**

16

17        17.    Plaintiffs incorporate in this cause of action each and every allegation of

18  paragraphs 1 through 16, inclusive, with the same force and effect as though fully set forth

19  herein.

20        18.    Throughout the period covered by this action, Section 510 of the California Labor

21  Code and Section 3 of California IWC Wage Order No. 2 have required employers such as

22  Defendant to compensate employees such as Plaintiffs and the Plaintiff Class at the rate of no less

23  than one and one-half times their regular rate of pay ("overtime wages") for any and all work in

24  excess of eight hours in one workday, any work in excess of 40 hours in any one workweek, and

25  any work on the seventh day of work in any one workweek ("overtime work").

26        19.    Plaintiffs and the Plaintiff Class have been required, suffered or permitted to work,

27  and did work, overtime hours for which they were not paid overtime wages during the period

28  covered by this action.

FIRST AMENDED COMPLAINT
CASE NO. CV 09-4926 TEH

20.     Plaintiffs allege that as a result of Defendant's policy, plan and practice of paying leaders and location coordinators for a set number of hours per meeting or week, without regard for the amount of time they have actually spent working, and causing leaders and location coordinators not to report all the time they actually spend working, and the other practices alleged above, Defendant has failed to pay Plaintiffs and the Plaintiff Class overtime wages for their overtime work.

21.     Defendant's failure to pay overtime wages to Plaintiffs and the Plaintiff Class as required by law permits a civil action to recover the unpaid balance of the overtime wages that were required to be paid, as well as interest thereon, reasonable attorney's fees, and costs of suit, under California Labor Code sections 218.6 and 1194.

### THIRD CAUSE OF ACTION
**Failure To Pay Wages Earned And Due At The Time Of Separation**
**(Labor Code §§ 201, 202, 203, 218.5, and 218.6)**

22.     Plaintiffs incorporate in this claim for relief each and every allegation of paragraphs 1 through 21, inclusive, with the same force and effect as though fully set forth herein.

23.     Throughout the period covered by this action, Section 201 of the California Labor Code has required that if an employer, such as Defendant, discharges an employee, his or her wages earned and unpaid at the time of discharge are due and payable immediately, and Section 202 of the Labor Code has required that if an employee quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, or immediately, if the employee has given 72 hours previous notice of his or her intention to quit.  Section 203 of the Labor Code provides that if an employer willfully fails to pay wages in accordance with Section 201 or 202, the wages of an employee who is discharged or who quits shall continue as penalty from the due date thereof at the same rate until paid, for a period up to 30 days.

24.     Defendant has willfully failed to pay Plaintiff Sabatino and Plaintiff Subclass No. 1 the minimum wages and overtime wages that were earned and unpaid at the time of their discharge or quitting, or within 72 hours of their quitting where no notice of quitting was given. Among other things, Defendant has been on notice of its failure to pay minimum and overtime

1  wages that are lawfully due because of Defendant's own common policies and practices,

2  complaints and other communications from leaders and location coordinators, and having been

3  previously sued for many of the unlawful practices alleged herein.

4       25.    Defendant's violation permits a civil action on behalf of Plaintiff Sabatino and

5  Plaintiff Subclass No. 1 for the unpaid wages and the wage continuation penalties, and to recover

6  reasonable attorney's fees, costs of suit, and interest, pursuant to Labor Code sections 203, 218.5

7  and 218.6.

8                          **FOURTH CAUSE OF ACTION**
                    **Failure To Indemnify For Business Expenditures**
9                              **(Labor Code § 2802)**

10      26.    Plaintiffs incorporate in this claim for relief each and every allegation of

11 paragraphs 1 through 25, inclusive, with the same force and effect as though fully set forth

12 herein.

13      27.    Throughout the period covered by this action, Section 2802 of the California

14 Labor Code has required employers, such as Defendant, to indemnify their employees such as

15 Plaintiffs and the Plaintiff Class for all necessary expenditures incurred by the employees in

16 direct consequence of the discharge of their duties.

17      28.    Plaintiffs and Plaintiff Class have made expenditures in direct consequence of the

18 discharge of their duties, including using their personal vehicles to travel to and from various

19 locations for the purpose of performing work for Defendant. Defendant has failed to indemnify

20 Plaintiffs and Plaintiff Class for such expenditures.

21      29.    Defendant's violation permits a civil action to recover the amounts of Plaintiffs'

22 and Plaintiff Class's unreimbursed expenditures, as well as interest and attorney's fees, pursuant

23 to Labor Code section 2802. In the event that Defendant prevails on its affirmative defense that

24 Plaintiffs and Plaintiff class members are exempt outside salespersons, which Plaintiffs dispute,

25 Plaintiffs' claim for unreimbursed expenditures would encompass reimbursement for each and

26 every use of personal vehicles by Plaintiffs and members of the Plaintiff Class in discharge of

27 their duties for Weight Watchers, including, but not limited to, their ordinary commutes to and

28 ///

FIRST AMENDED COMPLAINT

from their member meeting locations and their ordinary commutes to and from the locations where they perform location coordinator duties.

### FIFTH CAUSE OF ACTION
### Failure To Furnish Itemized Wage Statements
### (Labor Code § 226)

30.     Plaintiffs incorporate in this cause of action each and every allegation of paragraphs 1 through 29, inclusive, with the same force and effect as though fully set forth herein.

31.     Under Labor Code § 226(a), Defendant has at all relevant times been required to furnish employees such as Plaintiffs and the Plaintiff Class with regular itemized written statements showing, among other things, total hours worked, all applicable hourly rates during the pay period, and the corresponding number of hours worked at each rate by the employee.

32.     Defendant knowingly and intentionally has failed to furnish Plaintiffs and the Plaintiff Class with the required itemized wage statements by failing to provide statements showing this required information.

33.     Under Labor Code § 226(e), an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with § 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period., up to a maximum amount of $4,000.

34.     As a direct and proximate result of Defendant's conduct, each Plaintiff and Class Member has been injured by, among other things, not being paid for all time worked, not knowing how many hours he or she worked and at what rate(s), being required to file this action to recover their wages and determine the amount of hours worked and wages due, and being induced not to record all their time worked, with the substantial risk that even through this action they will be unable to recover the wages they should have been paid for all time worked.

35.     Plaintiffs and the Plaintiff Class are entitled to recover in a civil action the damages or "penalties" provided by Labor Code § 226(e), including interest thereon, and reasonable attorney's fees and costs.

**SIXTH CAUSE OF ACTION**
**Unfair Competition**
**(Business & Professions Code §§ 17200-17208)**

36.    Plaintiffs incorporate in this cause of action each and every allegation of paragraphs 1 through 35, inclusive, with the same force and effect as though fully set forth herein.

37.    Plaintiffs bring this cause of action on behalf of themselves and others similarly situated, seeking restitution and disgorgement of all unpaid minimum wages, overtime wages, and unreimbursed business expenditures as described above, including interest thereon, for the four-year period preceding the filing of this complaint.

38.    Defendant's conduct, as alleged herein, constitutes unfair competition as set forth in Section 17200 of the California Business & Professions Code.  Defendant has conducted business activities while failing to comply with the legal mandates cited herein.  Plaintiffs and others similarly situated suffered injury in fact and lost money as a result of Defendant's unfair competition.

39.    As a result of Defendant's unlawful and unfair business practices, Plaintiffs are entitled to and do seek restitution and disgorgement, and other appropriate relief available under Business & Professions Code § 17203, on her own behalf, and on behalf of others similarly situated.

**SEVENTH CAUSE OF ACTION**
**Private Attorneys General Act Penalties**
**(Labor Code § 2699)**

40.    Plaintiffs incorporate in this cause of action each and every allegation of paragraphs 1 through 39, inclusive, with the same force and effect as though fully set forth herein.

41.    Under the Private Attorneys General Act of 2006, Labor Code §§ 2698-2699.5, an aggrieved employee, on behalf of himself or herself and other current or former employees, may recover penalties under any provision of the Labor Code that provides for civil penalties, and provides a default penalty for this purpose for Labor Code provisions that do not already provide

///

12

1  for civil penalties.  These penalties are in addition to any other relief available under the

2  Labor Code.

3      42.    As set forth above, Defendant has committed numerous violations for which the

4  Labor Code thereby provides for the recovery of penalties, including violations of §§ 201, 202,

5  203, 204, 226, 2802, 510, 558, and 1174.

6      43.    Plaintiffs, through Plaintiff Sabatino, provided written notice by certified mail to

7  the Labor & Workforce Development Agency ("LWDA") and to Defendant of the legal claims

8  and theories of this case prior to filing this complaint.  Plaintiffs received notification from the

9  LWDA that it does not intend to investigate the alleged violations.

10      44.    As a direct result of Defendant's conduct as described, Plaintiffs are entitled to

11  recover, on their own behalves and on behalf of others similarly situated, the maximum civil

12  penalties permitted by the Private Attorneys General Act from Defendant for all violations of the

13  Labor Code herein described, including violations of Sections 201, 202, 203, 204, 226, 2802,

14  510, 558, and 1174, as well as reasonable attorney's fees and costs.

15  **RELIEF SOUGHT**

16  WHEREFORE, Plaintiffs, on behalf of themselves, Plaintiff Class, Plaintiff Subclass No.

17  1, and/or others similarly situated, pray for judgment and the following specific relief against

18  Defendant as follows:

19      A.    That the Court determine that the claims in this action may be maintained as a

20  class action under Code of Civil Procedure § 382, and/or as a representative action

21  under Business and Professions Code § 17200 *et seq.* and Labor Code § 2699;

22      B.    That Defendant is found to have violated the minimum wage provisions of the

23  Labor Code and IWC Wage Order No. 2 as to Plaintiffs and the Plaintiff Class;

24      C.    That Defendant is found to have violated the overtime provisions of the Labor

25  Code and IWC Wage Order No. 2 as to Plaintiffs and the Plaintiff Class;

26      D.    That Defendant is found to have violated Labor Code § 2802 for failing to

27  indemnify Plaintiffs and the Plaintiff Class for necessary business expenditures;

28  ///

E.      That Defendant is found to have violated Labor Code §§ 201, 202 and 203 for willful failure to pay all compensation earned at due at the time of separation to Plaintiff Sabatino and Plaintiff Subclass No. 1;

F.      That Defendant is found to have violated the itemized wage statement requirements of Labor Code § 226 as to Plaintiffs and the Plaintiff Class;

G.      That Defendant is found to have violated the regular wage payment requirements of Labor Code § 204 as to Plaintiffs and the Plaintiff Class;

H.      That Defendant is found to have violated the record-keeping requirements of Labor Code § 1174 as to Plaintiffs and the Plaintiff Class;

I.      That Defendant is found to have violated Labor Code § 558 by failing to pay minimum wages for workdays when Plaintiffs and the Plaintiff Class worked split shifts as required by IWC Wage Order No. 2;

J.      That Defendant is found to have violated Business and Professions Code § 17200 by failing to pay Plaintiffs and others similarly situated minimum wages, overtime wages, and expenditure reimbursements as required by the Labor Code and IWC Wage Order No. 2;

K.      An award to Plaintiffs and the Plaintiff Class of damages for the amount of unpaid minimum wages, including interest thereon, plus liquidated damages, subject to proof at trial;

L.      An award to Plaintiffs and the Plaintiff Class of damages for the amount of unpaid overtime wages, including interest thereon, subject to proof at trial;

M.      An award to Plaintiffs and Plaintiff Subclass No. 1 for unpaid wages and penalties pursuant to Labor Code § 203, subject to proof at trial;

N.      An award to Plaintiffs and the Plaintiff Class of damages or penalties for Defendant's failure to provide timely, accurate itemized wage statements in accordance with Labor Code § 226;

O.      An award to Plaintiffs and the Plaintiff Class of damages for the amount of unreimbursed business expenditures, including interest thereon, in accordance

14

1    with Labor Code § 2802;

2    P.    That Defendant be ordered to pay restitution and disgorgement to Plaintiffs and

3          others similarly situated due to Defendant's unlawful activities, pursuant to

4          Business and Professions Code § 17203, for the four years preceding the filing of

5          this complaint;

6    Q.    That Plaintiffs and the Plaintiff Class be awarded reasonable attorney's fees and

7          costs pursuant to applicable provisions of law, including Labor Code §§ 226,

8          1194, 2699, and 2802, and Code of Civil Procedure § 1021.5;

9    R.    That Plaintiffs and the Plaintiff Class be awarded penalties under Labor Code

10         § 2699 for all of Defendant's violations of Labor Code §§ 201, 202, 203, 204, 510,

11         558, 1174, and 1197;

12   S.    For interest pursuant to applicable provisions of law, including but not limited to

13         Labor Code §§ 218.6, 1194, and 2802, Civil Code §§ 3287, 3288, and 3289, and

14         Business & Professions Code § 17203;

15   T.    Injunctive relief requiring Defendant to refrain from current and future violations

16         of the Labor Code, IWC Wage Order and unlawful and unfair business practices;

17   U.    For costs of suit; and,

18   V.    An award of such other and further equitable and legal relief as this Court may

19         deem appropriate.

20   DATED: July 8, 2010                          RUDY, EXELROD, ZIEFF & LOWE, LLP

21

22                                                By:   /s/ Kenneth J. Sugarman
23                                                      KENNETH J. SUGARMAN
                                                        Attorneys for Plaintiffs
24   ///

25   ///

26   ///

27   ///

28

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

DATED: July 8, 2010                          RUDY, EXELROD, ZIEFF & LOWE, LLP


By:   <u>  */s/ Kenneth J. Sugarman*          </u>
                    KENNETH J. SUGARMAN
                    Attorneys for Plaintiffs

---

FIRST AMENDED COMPLAINT

CASE NO. CV 09-4926 TEH

1

2

**<u>ECF ATTESTATION</u>**

3        Pursuant to Local ECF Rules, I hereby attest that concurrence in the filing of this

4   document has been obtained from the non-filing signatories.

5        Executed this 8th day of July, 2010, at San Francisco, California.

6

7                                              */s/ Kenneth J. Sugarman*
                                               KENNETH J. SUGARMAN

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

ECF ATTESTATION

CASE NO. CV 09-4926 TEH