1   GIBSON, DUNN & CRUTCHER LLP
    CHRISTOPHER MARTIN, SBN 82456,
2   CJMartin@gibsondunn.com
    RACHEL S. BRASS, SBN 219301,
3   RBrass@gibsondunn.com
    555 Mission Street, Suite 3000
4   San Francisco, California 94105-2933
    Telephone: 415.393.8200
5   Facsimile: 415.393.8306

6   JESSE A. CRIPPS JR., SBN 222285,
    JCripps@gibsondunn.com
7   333 South Grand Avenue
    Los Angeles, California 90071
8   Telephone: 213.229.7000
    Facsimile: 213.229.7520

9
    Attorneys for Defendant
10  WEIGHT WATCHERS NORTH AMERICA, INC.

11              UNITED STATES DISTRICT COURT

12         FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| 14  ELAINE SABATINO, BETTY MATHIAS, and MARGOT REEMTS, individually and on behalf 15  of all others similarly situated, | CASE NO. CV 09-4926 TEH |
| 16              Plaintiffs, | **ANSWER OF DEFENDANT WEIGHT WATCHERS NORTH AMERICA, INC. TO PLAINTIFFS' FIRST AMENDED** |
| 17       v. | **COMPLAINT** |
| 18  WEIGHT WATCHERS NORTH AMERICA, INC., 19 | |
| 20              Defendant. | |

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

Answer of Defendant Weight Watchers North America, Inc. to Plaintiffs' First Amended Complaint

1    Defendant Weight Watchers North America, Inc. ("Weight Watchers") hereby admits, denies,

2  and alleges in answer to Plaintiffs' First Amended Complaint ("Complaint") as follows:

3    1.    Answering Paragraph 1, Defendant admits that Plaintiffs have been employed by

4  Defendant as Leaders and that they also perform (or performed) the Location Coordinator function

5  ("Location Coordinator").  Defendant also admits that Leaders generally perform multiple

6  responsibilities, including but not limited to, leading Weight Watchers meetings.  Defendant also

7  admits that Location Coordinators generally perform various responsibilities, such as maintaining

8  and/or stocking certain sites at which Weight Watchers meetings are held.  Except as expressly

9  admitted, Defendant denies each and every allegation contained therein.

10    2.    Paragraph 2 contains Plaintiffs' characterization of the case and conclusions of law,

11  not averments of fact for which an answer is required.  To the extent that an answer is required,

12  Defendant denies each and every allegation contained therein.

13    3.    Paragraph 3 contains conclusions of law, not factual averments for which an answer is

14  required.  To the extent that an answer is deemed required, Defendant denies each and every

15  allegation contained therein.

16    4.    Paragraph 4 contains conclusions of law, not factual averments for which an answer is

17  required.  To the extent that an answer is deemed required, Defendant denies each and every

18  allegation contained therein.

19    5.    Answering Paragraph 5, Defendant admits that this Court has jurisdiction over this

20  matter.  Defendant admits that it received copies of Plaintiff Sabatino's written notices to the Labor &

21  Workforce Development Agency, dated September 15, 2009 and September 17, 2009, in which Ms.

22  Sabatino described some of her factual allegations and claims.  Defendant admits that venue is proper

23  in this District.  Except as expressly admitted or alleged, Defendant denies each and every allegation

24  contained therein.

25    6.    Answering Paragraph 6, Defendant admits that Plaintiff Sabatino worked for

26  Defendant in California as a Weight Watchers Leader between approximately June 2005 and March

27  30, 2009 in Weight Watchers territories, including territory number 5117, and also performed the

28  Location Coordinator function for multiple meeting locations on certain dates within this same time

Gibson, Dunn &
Crutcher LLP

1

Answer of Defendant Weight Watchers North America, Inc. to Plaintiffs' First Amended Complaint

1    period.  Defendant is without sufficient knowledge or information to form a belief as to Plaintiff

2    Sabatino's current place of residence.  Except as expressly admitted or alleged, Defendant denies

3    each and every allegation contained therein.

4          7.      Answering Paragraph 7, Defendant admits that Plaintiff Mathias has worked for

5    Defendant in California since August 2002 in Weight Watchers territories, including territory

6    numbers 5158 and 5159.  This includes work as a Leader and as a Location Coordinator for multiple

7    meeting locations on certain dates within the period from May 2005 to the present.  Defendant is

8    without sufficient knowledge or information to form a belief as to Plaintiff Mathias' current place of

9    residence.  Except as expressly admitted or alleged, Defendant denies each and every allegation

10   contained therein.

11         8.      Answering Paragraph 8, Defendant admits that Plaintiff Reemts has worked for

12   Defendant in California as a Leader since 1991 in several Weight Watchers territories, including

13   territory numbers 5133 and 5135.  Defendant also admits that Plaintiff Reemts has also performed the

14   Location Coordinator function for multiple meeting locations on certain dates within this same time

15   period.  Defendant is without sufficient knowledge or information to form a belief as to Plaintiff

16   Reemts' current place of residence.  Except as expressly admitted or alleged, Defendant denies each

17   and every allegation contained therein.

18         9.      Answering Paragraph 9, Defendant admits the allegations therein.

19         10.     Paragraph 10, and each of the subparts thereto, contain Plaintiffs' description of the

20   class and subclass on whose behalf they have purportedly filed this lawsuit.  It does not contain

21   averments of fact for which an answer is required.  To the extent that an answer is deemed required,

22   Defendant denies each and every allegation contained therein.

23         11.     Paragraph 11, and each of the subparts thereto, contain conclusions of law, not

24   averments of fact for which an answer is required.  To the extent that an answer is deemed required,

25   Defendant denies each and every allegation contained therein.

26         12.     Paragraph 12 is Plaintiffs' incorporation of all preceding allegations in Paragraphs 1

27   through 11, inclusive.  Answering Paragraph 12, Defendant incorporates all of its answers to the

28   allegations contained in those same paragraphs, and each of the subparts thereto.

13.     Paragraph 13 contains conclusions of law, not averments of fact for which an answer is required.  To the extent that an answer is deemed required, Defendant denies each and every allegation contained therein.

14.     Paragraph 14 contains conclusions of law, not averments of fact for which an answer is required.  To the extent that an answer is deemed required, Defendant denies each and every allegation contained therein.

15.     Paragraph 15 contains conclusions of law, not averments of fact for which an answer is required.  To the extent that an answer is deemed required, Defendant denies each and every allegation contained therein.

16.     Paragraph 16 contains conclusions of law, not averments of fact for which an answer is required.  To the extent that an answer is deemed required, Defendant denies each and every allegation contained therein.

17.     Paragraph 17 is Plaintiffs' incorporation of all preceding allegations in Paragraphs 1 through 16, inclusive.  Answering Paragraph 17, Defendant incorporates all of its answers to the allegations contained in those same paragraphs, and each of the subparts thereto.

18.     Paragraph 18 contains conclusions of law, not averments of fact for which an answer is required.  To the extent that an answer is deemed required, Defendant denies each and every allegation contained therein.

19.     Paragraph 19 contains conclusions of law, not averments of fact for which an answer is required.  To the extent that an answer is deemed required, Defendant denies each and every allegation contained therein.

20.     Answering Paragraph 20, Defendant denies each and every allegation contained therein.

21.     Paragraph 21 contains conclusions of law, not averments of fact for which an answer is required.  To the extent that an answer is deemed required, Defendant denies each and every allegation contained therein, and further denies that Plaintiffs are entitled to any relief or damages whatsoever.

1    22.    Paragraph 22 is Plaintiffs' incorporation of all preceding allegations in Paragraphs 1

2    through 21, inclusive.  Answering Paragraph 22, Defendant incorporates all of its answers to the

3    allegations contained in those same paragraphs, and each of the subparts thereto.

4    23.    Paragraph 23 contains conclusions of law, not averments of fact for which an answer

5    is required.  To the extent that an answer is deemed required, Defendant denies each and every

6    allegation contained therein.

7    24.    Paragraph 24 contains conclusions of law, not averments of fact for which an answer

8    is required.  To the extent that an answer is deemed required, Defendant denies each and every

9    allegation contained therein.

10    25.    Paragraph 25 contains conclusions of law, not averments of fact for which an answer

11    is required.  To the extent that an answer is deemed required, Defendant denies each and every

12    allegation contained therein, and further denies that Plaintiffs are entitled to any relief or damages

13    whatsoever.

14    26.    Paragraph 26 is Plaintiffs' incorporation of all preceding allegations in Paragraphs 1

15    through 25, inclusive.  Answering Paragraph 26, Defendant incorporates all of its answers to the

16    allegations contained in those same paragraphs, and each of the subparts thereto.

17    27.    Paragraph 27 contains conclusions of law, not averments of fact for which an answer

18    is required.  To the extent that an answer is deemed required, Defendant denies each and every

19    allegation contained therein.

20    28.    Paragraph 28 contains conclusions of law, not averments of fact for which an answer

21    is required.  To the extent that an answer is deemed required, Defendant denies each and every

22    allegation therein.

23    29.    Paragraph 29 contains conclusions of law, not averments of fact for which an answer

24    is required.  To the extent that an answer is deemed required, Defendant denies each and every

25    allegation therein.

26    30.    Paragraph 30 is Plaintiffs' incorporation of all preceding allegations in Paragraphs 1

27    through 29, inclusive.  Answering Paragraph 30, Defendant incorporates all of its answers to the

28    allegations contained in those same paragraphs, and each of the subparts thereto.

Answer of Defendant Weight Watchers North America, Inc. to Plaintiffs' First Amended Complaint

1    31.    Paragraph 31 contains conclusions of law, not averments of fact for which an answer

2    is required.  To the extent that an answer is deemed required, Defendant denies each and every

3    allegation therein.

4    32.    Paragraph 32 contains conclusions of law, not averments of fact for which an answer

5    is required.  To the extent that an answer is deemed required, Defendant denies each and every

6    allegation contained therein.

7    33.    Paragraph 33 contains conclusions of law, not averments of fact for which an answer

8    is required.  To the extent that an answer is deemed required, Defendant denies each and every

9    allegation contained therein.

10    34.    Paragraph 34 contains conclusions of law, not averments of fact for which an answer

11    is required.  To the extent that an answer is deemed required, Defendant denies each and every

12    allegation contained therein.

13    35.    Paragraph 35 contains conclusions of law, not averments of fact for which an answer

14    is required.  To the extent that an answer is deemed required, Defendant denies each and every

15    allegation contained therein, and further denies that Plaintiffs are entitled to any relief or damages

16    whatsoever.

17    36.    Paragraph 36 is Plaintiffs' incorporation of all preceding allegations in Paragraphs 1

18    through 35, inclusive.  Answering Paragraph 36, Defendant incorporates all of its answers to the

19    allegations contained in those same paragraphs, and each of the subparts thereto.

20    37.    Paragraph 37 contains Plaintiffs characterization of this suit, and does not contain

21    averments of fact for which an answer is required.  To the extent that an answer is deemed required,

22    Defendant denies each and every allegation contained therein.

23    38.    Paragraph 38 contains conclusions of law, not averments of fact for which an answer

24    is required.  To the extent that an answer is deemed required, Defendant denies each and every

25    allegation contained herein.

26    39.    Paragraph 39 contains conclusions of law, not averments of fact for which an answer

27    is required.  To the extent that an answer is deemed required, Defendant denies each and every

28

1  allegation contained herein, and further denies that Plaintiffs are entitled to any relief or damages

2  whatsoever.

3       40.    Paragraph 40 is Plaintiffs' incorporation of all preceding allegations in Paragraphs 1

4  through 39, inclusive.  Answering Paragraph 40, Defendant incorporates all of its answers to the

5  allegations contained in those same paragraphs, and each of the subparts thereto.

6       41.    Paragraph 41 contains conclusions of law, and no averments of fact for which an

7  answer is required.  To the extent that an answer is deemed required, Defendant denies each and

8  every allegation contained therein.

9       42.    Paragraph 42 contains Plaintiffs' characterization of this suit and conclusions of law,

10 not averments of fact for which an answer is required.  To the extent that an answer is deemed

11 required, Defendant denies each and every allegation contained therein.

12      43.    Answering Paragraph 43, Defendant admits that it received copies of Plaintiff

13 Sabatino's notices to the Labor & Workforce Development Agency, dated September 15, 2009 and

14 September 17, 2009, in which Ms. Sabatino describes some of her factual allegations and claims.

15 Defendant also admits that it has received from Plaintiff Sabatino a purported letter dated November

16 9, 2009, in which the Labor & Workforce Development Agency appears to provide notice to Plaintiff

17 Sabatino that it did not intend to investigate Ms. Sabatino's alleged violations.  Except as expressly

18 admitted or alleged, Defendant denies each and every allegation contained therein.

19      44.    Paragraph 44 contains conclusions of law, not averments of fact for which an answer

20 is required.  To the extent that an answer is deemed required, Defendant denies each and every

21 allegation contained therein, and further denies that Plaintiffs are entitled relief or damages in any

22 amount whatsoever.

23      45.    The remainder of Plaintiffs' Complaint contains a request for relief and not averments

24 of fact for which an answer is required.  To the extent that an answer is deemed required, Defendant

25 denies each and every allegation contained therein, and further denies that Plaintiffs are entitled relief

26 or damages in any amount whatsoever.

27 ///

28 ///

Gibson, Dunn &
Crutcher LLP

6

Answer of Defendant Weight Watchers North America, Inc. to Plaintiffs' First Amended Complaint

1

## SEPARATE AND ADDITIONAL DEFENSES

2      By alleging the following Separate and Additional Defenses, Defendant does not agree or

3 concede that it bears the burden of proof or burden of persuasion as to any of these issues.

4 Furthermore, all such defenses are pled in the alternative and do not constitute an admission of

5 liability or that any Plaintiff is entitled to any relief whatsoever.

6

## FIRST SEPARATE AND ADDITIONAL DEFENSE

7

### (Failure to State a Claim)

8      1.      The Complaint, and each and every purported cause of action in the Complaint, fails

9 to state facts sufficient to constitute a cause of action against Defendant.

10

## SECOND SEPARATE AND ADDITIONAL DEFENSE

11

### (Failure To Exhaust Administrative Remedies and Notice Requirements)

12      2.      The Complaint is barred, in whole or in part, to the extent Plaintiffs and those they

13 purport to represent have failed to satisfy the notice and exhaustion requirements under California's

14 Private Attorney General Act, and to the extent they have otherwise failed to exhaust their

15 administrative remedies.

16

## THIRD SEPARATE AND ADDITIONAL DEFENSE

17

### (Exemption)

18      3.      The Complaint is barred, in whole or in part, to the extent that Plaintiffs, and every

19 person on whose behalf relief is sought, are exempt or excepted from the minimum wage, overtime

20 pay, or other regulations under the applicable laws, including the California Labor Code, and the

21 applicable California Industrial Welfare Commission Wage Order.

22

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

23

### (Good Faith)

24      4.      The Complaint is barred, in whole or in part, on the basis that Defendant acted in good

25 faith and upon a reasonable belief that its actions did not violate the California Labor Code, the

26 applicable California Industrial Wage Order, or other applicable laws alleged in Plaintiffs'

27 Complaint.

28

Gibson, Dunn &
Crutcher LLP

7

Answer of Defendant Weight Watchers North America, Inc. to Plaintiffs' First Amended Complaint

1    **FIFTH SEPARATE AND ADDITIONAL DEFENSE**

2    **(Statute of Limitations)**

3        5.    The Complaint is barred in whole or in part by the applicable statutes of limitations

4    including, but not limited to, Sections 338(a) and 340(a) of the California Code of Civil Procedure,

5    Sections 203 and 2698, *et seq.* of the California Labor Code, and Section 17208 of the California

6    Business and Professions Code.

7    **SIXTH SEPARATE AND ADDITIONAL DEFENSE**

8    **(Settlement/Release)**

9        6.    The Complaint is barred in whole or in part to the extent the causes of action alleged

10   therein have been settled, released, and/or are subject to an accord and satisfaction.

11   **SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

12   **(Standing)**

13       7.    The Complaint is barred, in whole or in part, to the extent Plaintiffs lack standing.

14   **EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

15   **(Laches)**

16       8.    The Complaint is barred, in whole or in part, by the doctrine of laches.

17   **NINTH SEPARATE AND ADDITIONAL DEFENSE**

18   **(Unclean Hands)**

19       9.    The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

20   **TENTH SEPARATE AND ADDITIONAL DEFENSE**

21   **(Estoppel/Waiver)**

22       10.    The Complaint is barred, in whole or in part, by the doctrine of estoppel and/or

23   waiver.

24   **ELEVENTH SEPARATE AND ADDITIONAL DEFENSE**

25   **(Failure to Mitigate Damages)**

26       11.    The Complaint is barred, in whole or in part, to the extent that Plaintiffs, or any person

27   on whose behalf relief is sought, failed to mitigate damages.

28

Gibson, Dunn &
Crutcher LLP

Answer of Defendant Weight Watchers North America, Inc. to Plaintiffs' First Amended Complaint

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

### (Due Process)

12.     The Complaint, to the extent it seeks exemplary, double or punitive damages or penalties, violates Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution, and under Article I, Section 7 of the Constitution of the State of California, and to substantive due process under the Fifth and Fourteenth Amendments of the United States Constitution and, therefore, fails to state a cause of action upon which either exemplary, double or punitive damages or penalties may be awarded.

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Excessive Fines)

13.     The Complaint, to the extent it seeks exemplary, double or punitive damages or penalties, violates Defendant's right to protection from excessive fines as provided in Article 1, Section 17 of the Constitution of the State of California and/or as provided by the United States Constitution, and therefore, fails to state a cause of action supporting the exemplary, double or punitive damages or penalties claimed.

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Improper Delegation of Executive and/or Legislative Authority)

14.     Plaintiffs' claim for penalties under the Private Attorneys General Act, Sections 2698, *et seq.* of the California Labor Code, are barred to the extent they stem from an unconstitutional delegation of executive and/or legislative power.

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Adequate Remedy At Law)

15.     The Complaint, and each and every purported cause of action alleged therein against Defendant is barred to the extent Plaintiffs, and every person on whose behalf relief is sought, seek equitable relief because they have an adequate remedy at law.

///

///

///

Gibson, Dunn &
Crutcher LLP

9

Answer of Defendant Weight Watchers North America, Inc. to Plaintiffs' First Amended Complaint

## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (No Imminent or Irreparable Injury or Harm)

16.     With respect to the Complaint, and each and every purported cause of action alleged therein against Defendant, Plaintiffs and every person on whose behalf relief is sought, are not entitled to equitable relief because Plaintiffs, and every person on whose behalf relief is sought, have not suffered injury or harm and will not suffer imminent and irreparable injury or harm as a result of any action or conduct by Defendant.

## SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Unconstitutionally Vague)

17.     Plaintiffs' cause of action under California Business & Professions Code Sections 17200 *et seq.*, is unconstitutionally vague under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article 1, Section 7 of the Constitution of the State of California, particularly to the extent that California Business & Professions Code Sections 17200 *et seq.*, purports to allow recovery for "unfair" business practices.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Weight Watchers prays for relief as follows:

1.   That Plaintiffs and each person on whose behalf relief is sought, take nothing by this action;

2.   That the Complaint and all purported causes of action alleged therein be dismissed with prejudice;

3.   That Weight Watchers be awarded its costs of suit and reasonable attorneys' fees; and

4.   That Weight Watchers be awarded such further relief as this Court deems appropriate.

DATED:  August 9, 2010                          GIBSON, DUNN & CRUTCHER LLP
                                                CHRISTOPHER MARTIN

                                                By:_____s/ Christopher Martin_____
                                                              Christopher Martin

                                                Attorneys for Defendant
                                                WEIGHT WATCHERS NORTH AMERICA, INC.

100902870_3.DOC

Gibson, Dunn &
Crutcher LLP

Answer of Defendant Weight Watchers North America, Inc. to Plaintiffs' First Amended Complaint

**DECLARATION OF SERVICE**

I, Suzanne Maruschak, declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission Street, Suite 3000, San Francisco, California, 94105, in said County and State.  On August 9, 2010, I served the within:

**ANSWER OF DEFENDANT WEIGHT WATCHERS NORTH AMERICA, INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

to all named counsel of record as follows:

   **BY ECF (ELECTRONIC CASE FILING)**:  I e-filed the above-detailed documents utilizing the United States District Court, Northern District of California's mandated ECF (Electronic Case Filing) service on August 9, 2010.  Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the documents upon confirmation of e-filing.

I also served the within to the below-listed parties not registered for e-filing as follows:

   **BY MAIL**:  I placed a true copy in a sealed envelope addressed to the below-named parties, on the above-mentioned date.  I am familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

C. Zane Becker
Navarette Law Firm
1625 The Alameda, Suite 700
San Jose, CA  95126

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document(s) were printed on recycled paper, and that this Declaration of Service was executed by me on August 9, 2010, at San Francisco, California.

  s/ Suzanne Maruschak  
                Suzanne Maruschak

Gibson, Dunn & Crutcher LLP

11

Answer of Defendant Weight Watchers North America, Inc. to Plaintiffs' First Amended Complaint