IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE SABATINO, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>WEIGHT WATCHERS NORTH AMERICA, INC.,<br><br>            Defendant. | NO. C09-4926 TEH<br><br><u>ORDER GRANTING MOTION</u><br><u>FOR PRELIMINARY</u><br><u>APPROVAL OF CLASS ACTION</u><u>SETTLEMENT</u> |

This matter comes before the Court on Plaintiffs' motion for preliminary approval of the class action settlement agreement ("Agreement") filed with the Court on December 10, 2010, as Exhibit 1 to the Declaration of Steven G. Zieff. Plaintiffs noticed their motion for hearing on January 24, 2011, making the opposition deadline January 3, 2011. Civ. L.R. 7-3(a). No oppositions were received. After reviewing the proposed settlement and moving papers, and in the absence of any opposition, this Court is prepared to grant preliminary approval to the proposed settlement without oral argument. Accordingly, the January 24, 2011 hearing is VACATED, and IT IS HEREBY ORDERED that:

1. Capitalized terms used in this order shall have the same meaning as set forth in the Agreement.

2. Based on the findings and conclusions set forth below in subparagraphs (a)-(e), the Court determines that the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied for the following settlement class: All persons who worked for Weight Watchers North America, Inc. as "Leaders," "Receptionists," or employees performing "Location Coordinator Work" (pay codes 40 and 41) in California at any time during the period from September 17, 2005, through January 8, 2011, according to Weight Watchers' payroll records through January 22, 2011. This Class is certified pursuant to

Federal Rule of Civil Procedure 23(b)(3), and all Class Members shall have the right to exclude themselves by way of the opt-out procedure set forth in the Agreement.

(a) The Court finds that the Class is so numerous that joinder of all members is impracticable. Class Members' identities can be ascertained from Defendant's records, and there are over 4000 Class Members.

(b) The Court finds that, for purposes of this settlement only, there are questions of law or fact common to the Class, including but not limited to whether Defendant has violated California law by failing to pay Class Members the required minimum wage and contract wage for all hours worked; by failing to pay Class Members overtime compensation when required; by failing to provide Class Members with properly itemized wage statements; by failing to reimburse Class Members for their business expenditures; by failing to pay due but unpaid wages to Class Members in a timely manner upon separation from employment; and by failing to keep complete and accurate records of Class Members' hours of work.

(c) The Court finds that, for purposes of this settlement only, the claims of Plaintiffs Elaine Sabatino, Betty Mathias, and Margot Reemts ("Representative Plaintiffs") are typical of the claims of the Class. Their claims arise from the same alleged events and course of conduct as the claims of the Class and are based on the same legal theories.

(d) The Court finds that, for purposes of this settlement only, the Representative Plaintiffs will fairly and adequately represent the Class's interests because they have the same interests as all members of the Class, have diligently and zealously prosecuted this action to date, and are represented by experienced and competent attorneys who have the resources necessary to represent the Class. The Court hereby appoints these three individuals as Class representatives, for settlement purposes only, under Rule 23 of the Federal Rules of Civil Procedure.

(e) The Court concludes that, for purposes of this settlement only, the requirements of Federal Rule of Civil Procedure 23(b)(3) are satisfied because questions of law and fact common to Class Members predominate over any questions affecting only

1  individual members, and a settlement class is superior to other available methods for the fair
2  and efficient adjudication of the controversy.

3      3. Having considered the factors set forth in Federal Rule of Civil Procedure
4  23(g), this Court appoints the law firms of Rudy, Exelrod, Zieff & Lowe, LLP, and the
5  Navarette Law Firm as Class Counsel, and Steven G. Zieff as Lead Class Counsel.

6      4. The Court preliminarily approves the Agreement and proposed Plan of
7  Distribution contained therein as being fair, adequate, reasonable, and within the range of
8  possible approval, subject to further consideration at the Fairness Hearing as set forth below
9  in paragraph 8. It appears that the Agreement was negotiated at arm's length and is not the
10 product of collusion.

11     5. The Court finds on a preliminary basis that payment of $15,000 service awards
12 to the Representative Plaintiffs appears to be proper, fair, and reasonable.

13     6. The Court finds that the proposed form of Class Notice, which is attached as
14 Exhibit A to the Agreement, and the Agreement's proposed plan for distributing the Class
15 Notice constitute the best notice practicable under the circumstances. No other notice shall
16 be required.

17     7. Except as otherwise ordered below, the dates and deadlines in the Agreement
18 shall be adopted as an order of this Court. The Settlement Administrator shall promptly
19 prepare a version of the Class Notice incorporating the relevant dates and deadlines, and the
20 Parties and Settlement Administrator shall timely take all actions in furtherance of directing
21 notice to the Class and requesting final approval of the settlement as set forth in the
22 Agreement.

23     8. The Fairness Hearing shall take place before this Court on **May 23, 2011, at**
24 **10:00 AM**. At that hearing, the Court will determine whether to grant final approval to the
25 proposed settlement, including payment of service awards to the Representative Plaintiffs,
26 and whether to grant Class Counsel's motion for attorneys' fees and costs.

27     9. Plaintiffs shall submit a motion for judgment and final approval, and Class
28 Counsel shall submit any supplemental brief in support of their motion for attorneys' fees

3

and costs, on or before **May 9, 2011.** Counsel shall include with their submission a declaration setting forth the number of Class Members who opted out of the Class, as well as copies of any objections received and the parties' responses thereto.

10. Within fourteen days of the date of this order, Defendant shall file proof of the required notifications under 28 U.S.C. § 1715.

11. This Court may adjourn or continue the date of the Fairness Hearing without further notice to Class Members.

**IT IS SO ORDERED.**

Dated:   01/06/11

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

4